**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**DARLENE KILLIAN,**

    **Plaintiff,**

                                      **Case Number:**

**v.**

**BRITT'S CAFÉ, INC.,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Darlene Killian, by and through her undersigned counsel, brings this action for recovery a of unpaid wages, and other relief under the Fair Labor Standards Act ("FLSA").

2. Defendant is a domestic, for-profit corporation headquartered in Lakeland, Florida.

3. Defendant owns and operates a restaurant in Lakeland, Florida.

4. In or about 1999, Plaintiff became employed by Defendant as an hourly, non-exempt waitress in Defendant's restaurant located in Polk County, Florida.

5. As a waitress, Plaintiff was paid on an hourly basis and was paid the "tipped minimum wage."

6. As a waitress, Plaintiff was tasked with greeting guests, taking guests' orders, delivering food, processing guests' payments via credit and debit card, cleaning the facilities, and traveling highways and byways to purchase food and items for Defendant.

7. Additionally, Plaintiff regularly communicated with Defendant's owners and officers via telephone conferences and other forms of electronic communication, including text messages and emails.

8. Although Defendant gave Plaintiff a set work schedule, Defendant often ordered Plaintiff to work off of the clock and without pay.

9. Specifically, Defendant's managers regularly contacted Plaintiff via telephone to discuss work related matters while Plaintiff was off-the-clock and was not being paid.

10. Defendant's phone conversations with Plaintiff were considerable in duration, often lasting one hour or more per off-the-clock conversation regarding work related matters.

11. Moreover, Defendant ordered and required Plaintiff to shop for groceries for Defendant's restaurant while Plaintiff was off-the-clock. Plaintiff would use highways and byways to travel to the grocery store for the sole purpose of purchasing goods and materials for the restaurant.

12. Plaintiff was not compensated for the time she spent traveling to the store and shopping for groceries at Defendant's request.

13. Defendant took advantage of Plaintiff's hard work and efforts by ordering her to perform duties for Defendant while Plaintiff was off-the-clock and not being paid.

14. Defendant was aware of Plaintiff's off-the-clock work because Plaintiff's off-the-clock work was conducted at Defendant's demand.

15. Plaintiff regularly came into work early and began working before her shift on a regular basis.

16. Plaintiff regularly continued to work for Defendant after she clocked out and was no longer being paid.

17. Plaintiff's off-the-clock work either before her shift began or after her shift concluded was performed in an open and obvious manner.

18. Thus, Defendant was aware of Plaintiff's off-the-clock work but refused, failed, or neglected to compensate her for all hours worked.

19. Because Plaintiff was paid the tipped minimum wage, she was required to be paid for each and every hour she worked.

20. Plaintiff was not a manager or executive for Defendant.

21. Plaintiff did not have hire or fire authority. Plaintiff did not create policies, budget, or corporate strategy.

22. In an attempt to circumvent the laws established in the FLSA and the regulations set forth in the Code of Federal Regulations, Defendant engaged in an illegal scheme of intentionally ordering Plaintiff to perform work off the clock for the purpose of extracting additional work from Plaintiff without compensating her for the same.

23. Plaintiff regularly worked off the clock for Defendant with Defendant's knowledge.

24. Despite Plaintiff's normal practice of working off-the-clock for Defendant with Defendant's knowledge, Defendant refused, failed, or neglected to pay Plaintiff minimum wages for all hours worked.

25. Instead, Defendant paid Plaintiff for only some of the hours she worked. Defendant knew it was paying Plaintiff for less than all the hours she worked.

26. Defendant failed to keep records of all hours worked by Plaintiff as required by 29 C.F.R. 516.

27. As of this date, Plaintiff has still not been paid the entirety of her wages and has not been compensated for the full extent of her damages and wage loss under the FLSA.

28. Plaintiff seeks full compensation, including liquidated damages because Defendant's conduct of purposefully and intentionally refusing to pay Plaintiff for all hours she worked was a calculated attempt to reduce costs and expenses.

29. Defendant is a for profit corporation that operate and conduct business in, among others, Polk County, Florida, and is therefore, within the jurisdiction of the Court.

30. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d).  Plaintiff performed duties and responsibilities that involved commerce and/or the production of goods for commerce in the restaurant industry. Plaintiff regularly participated in interstate commerce by interacting with interstate banks, customers, products, goods, materials, and regularly interacted with computers and credit cards and data transmission lines. This also would include using materials and other resources that do not originate within the State of Florida.

31. This action is brought under the FLSA to recover from Defendant, unpaid wages in the form of overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

32. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Polk County.

33. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggests that the Defendant is a million-dollar operation that has considerable expertise in the restaurant industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

34. At all material times relevant to this action, Plaintiff in her capacity as an employee was individually covered by the FLSA. This would include regularly processing debt and credit cards, regularly using telephones and emails to communicate with Defendant, and traveling along highways and byways for purpose of purchasing products for Defendant. without managerial responsibility. Plaintiff did not bear supervisory responsibility for any other employees. Plaintiff did not direct the hiring and firing of any employees. Plaintiff did not participate in the creation of budgets or maintain the production of sales nor did Plaintiff plan or control the budget of the Defendant in any way. Plaintiff did not implement legal compliance measures.

35. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions was made by Defendant to properly pay Plaintiff for all hours worked during her employment. The off-the-clock work that Plaintiff performed was intentional and was designed to extract additional hours of labor out of Plaintiff for the benefit of Defendant,

who then refused to pay Plaintiff minimum wages.  Notably, Defendant is in exclusive possession of the *majority* of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise weeks that Plaintiff worked off the clock. Plaintiff alleges that she routinely worked off the clock without pay.

36.  Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's, and others similarly situated to her, true hours of work.

## COUNT I – RECOVERY OVERTIME WAGES COMPENSATION

37. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36, above.

38. Plaintiff was employed by Defendant.

39. Plaintiff regularly worked off the clock and was not paid for all hours she worked.

40. Defendant was aware that Plaintiff regularly worked off-the-clock without pay.

41. Defendant refused, failed, or neglected to pay Plaintiff minimum wages for all hours worked.

43. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff at least minimum wages for each hour worked work in one or more workweeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

6

44. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid wages under Federal law, as well as minimum wages liquidated damages under the FLSA.

45. No exceptions or exemptions under the FLSA apply to Plaintiff.

46. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of wages and liquidated damages, together with costs and attorney's fees pursuant to the FMWA, and such other further relief as this Court deems just and proper.

DATED this 24th day of August 2019,

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511fwas
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
*Attorney for Plaintiff*